IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHILLIP McELROY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-1159-O |
| | § | |
| FREDDY GARRIDO, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by petitioner Phillip McElroy ("McElroy"), a federal prisoner at FMC-Fort Worth. Am. Pet. 2-8, ECF No. 6. The Respondent filed a response, but McElroy has not filed any reply. ECF No. 11. After having considered the pleadings, applicable law and relief sought by McElroy, the Court concludes that the petition should be **DISMISSED** for the reasons set out below.

### I.     RELIEF SOUGHT

In this § 2241 proceeding, McElroy, serving a federal sentence, claims he is entitled to credit towards that sentence for time spent in state custody from September 18, 2014 until November 2, 2015. Am. Pet. 5-6, ECF No. 6.[1]

### II.    BACKGROUND-SENTENCING HISTORY

According to records reviewed by the BOP's Designation and Sentence Computation Center, McElroy was arrested by Texas State Authorities on September 18, 2014, for Unlawful

---

[1] Although McElroy references December 7, 2015 as the last day for which he seeks sentence credit, that date is not supported in the Response and Appendix. See *infra* Sections II and III (B).

1

Possession of a Firearm in Case Number 1386019D, and he remained in state custody. App. 2 (April 14, 2023, Declaration of BOP Management Analyst Stacy Fanello), at ¶ 3, ECF No. 12. On September 19, 2014, a parole warrant was issued and executed for Murder in Case Number 0464148D. *Id*. at 2, ¶ 4. A one count indictment for Felon in Possession of Firearm was returned in Case Number 4:15-CR-00036-O on February 11, 2015. *Id.* at 2, ¶ 5. On February 12, 2015, an Application for *Writ of Habeas Corpus Ad Prosequendum* issued in Case Number 4:15-CR-00036-O. *Id.* at. 2, ¶ 6. On February 12, 2015, McElroy was taken into temporary custody by the United States Marshal Service (USMS) pursuant to a federal Writ of Habeas Corpus Ad *Prosequendum*. *Id.* at 2, ¶ 7. Subsequently on June 29, 2015, McElroy was sentenced in the United States District Court for the Northern District of Texas to a 37-month term of imprisonment for Felon in Possession of a Firearm in Case Number 4:15-CR-036-O. *Id.* at 2, ¶ 8. The Court also ordered this federal term to be served consecutively to the pending parole revocation in Case Number 0464148D. *Id.* McElroy was returned to state authorities on July 17, 2015. *Id.* at 2, ¶ 9.

On November 2, 2015, McElroy was then sentenced in the Criminal District Court No 1 in Tarrant County to a 35-year term of imprisonment in Case Number 1386019D. *Id.* at 2, ¶ 10. He received credit towards his state sentence from September 18, 2014, through November 2, 2015*. Id.;* App. (Attachments 1 and 7) 4-5, 22-24, ECF No. 12.  McElroy's parole was revoked on January 11, 2016, in Case Number 0464148D. App. at 2, ¶11, 4-5 (Attachment 1), ECF No. 12. On September 30, 2022, McElroy paroled from Case Numbers 1386019D and 0464148D, and he was released to the exclusive custody of the USMS. App. at 2, ¶12, 15-17 (Attachment 5), ECF No. 12.

### III.   ANALYSIS

#### A.   Failure to Exhaust Administrative Remedies

The Fifth Circuit has held that prisoners must exhaust available remedies before seeking habeas corpus relief. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). In *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993), the Fifth Circuit explicitly stated that "a § 2241 petitioner 'must first exhaust his administrative remedies through the Bureau of Prisons.'"

The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

The Court has reviewed the response and appendix on the exhaustion issue and finds that McElroy has failed to exhaust his administrative remedies. Resp. 1–2, ECF No. 11; App. at 3, ¶15, ECF No. 12.  As a result, the Court finds McElory's claims in the petition under 28 U.S.C. § 2241 must be dismissed for lack of exhaustion.

#### B.   BOP has Properly Credited Available Time towards McElroy's Federal Sentence

Alternatively, review of the sentence calculations set forth in the appendix to the response

3

shows that McElory's claim for sentence credit is not supported.

The United States Attorney General has the authority to compute sentencing credits for the time that a defendant spends in detention prior to sentencing. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The authority of the Attorney General to compute sentences has been delegated to the BOP by 28 C.F.R. § 0.96 (1991). *See United States v. Dowling*, 962 F.2d 390, 393 n. 5 (5th Cir. 1992). Title 18 U.S.C. § 3585(b) states in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . (1) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence." 18 U.S.C. § 3585(b)(2).

In addition, Program Statement 5880.28 states,

> Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provision of the writ for secondary custody.

BOP PS 5880.28, p. 1-20B (https://www.bop.gov/policy/progstat/5880_028.pdf).

The law is clear in this circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government maintains primary custody of the prisoner. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). A state inmate who is transferred to federal officials under a *writ of habeas corpus ad prosequendum* is simply on "loan" to answer the federal charges. *Id.* The inmate remains a state inmate. *See also McKinley v. Haro*, 83 F. App'x 591, 592 (5th Cir. 2003) (holding that time spent by a prisoner in federal custody for the purpose of appearing in federal court via a *writ of habeas corpus ad prosequendum* is not counted toward the federal sentence if that time was credited to his state sentence) (citation

4

omitted).

With the exception of a temporary stay in federal custody with the USMS pursuant to a *writ of habeas corpus ad prosequendum* from February 12, 2015, to July 17, 2015, McElroy remained in state custody from September 18, 2014, the day he was arrested by Texas state authorities, to September 30, 2022, the day he was paroled from his state sentence and released to the exclusive custody of the USMS to begin service of his federal sentence. The credit McElroy seeks for time spent in state custody from September 18, 2014, to November 2, 2015, cannot be applied to his federal term because it was applied to his 35-year term of imprisonment imposed by the Criminal District Court No 1 in Tarrant County, Texas in Case No. 1386019D. App. p. 3, at ¶14. McElroy's consecutive federal sentence began on September 30, 2022, with no prior custody credit eligible to be awarded. Thus, upon review of the BOP's sentencing calculations, the Court finds that the BOP has correctly calculated McElroy's sentence. The § 2241 petition must be dismissed.

### IV.   CONCLUSION

For the reasons discussed, petitioner Phillip McElroy's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED**.

**SO ORDERED** on this **31st** day of **July, 2023.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**